# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 15-227V

Filed: June 4, 2020

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| BERNARD HALVERSON, | \* | UNPUBLISHED |
| *EXECUTOR of the ESTATE OF* | \* | |
| *SUSAN HALVERSON, deceased* | \* | |
| | \* | |
| Petitioner, | \* | Decision on Damages; |
| | \* | High-Dose Influenza |
| v. | \* | ("Fluzone") Vaccine; |
| | \* | Cardiac Arrest; Death; |
| SECRETARY OF HEALTH | \* | Significant Aggravation |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Jerry Lindheim, Esq.*, Locks Law Firm, Philadelphia, PA, for petitioner.
*Lisa Watts, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Roth**, Special Master:

On March 4, 2015, Bernard Halverson ["Mr. Halverson" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] as executor of the estate of his late wife, Susan Halverson ["Mrs. Halverson"]. Petitioner alleges that Mrs. Halverson received a high-dose influenza ("flu") vaccine on January 9, 2014, which caused cardiac arrest and her subsequent death on January 13, 2014. *See* Petition, ECF No. 1. An entitlement hearing was held on November 6 and 7, 2018; on February 4, 2020, I issued a ruling on entitlement, finding that petitioner was entitled to compensation. *See* Ruling on Entitlement, ECF No. 70.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent filed a proffer on June 4, 2020, agreeing to issue the following payment. Proffer, ECF No. 78.

**A lump sum of $325,000.00 in the form of a check payable to petitioner, Bernard Halverson, as the legal administrator of the Estate of Susan Halverson.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt respondent's proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

_____
BERNARD HALVERSON,                          )
Executor of the Estate of                        )
SUSAN HALVERSON, deceased,              )
                                                       ) **ECF**
                                  Petitioner,          )
                                                       )
                  v.                                   ) No. 15-227V
                                                       ) Special Master
SECRETARY OF HEALTH AND HUMAN   ) Mindy Michaels Roth
SERVICES,                                          )
                                                       )
                                  Respondent.       )
_____)

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 5, 2020, the Court issued a Ruling on Entitlement finding that Bernard

Halverson ("petitioner") had established by preponderant evidence that the high-dose influenza

vaccine administered to Susan Halverson ("Mrs. Halverson") on January 9, 2014, was a

substantial factor in her cardiac arrest and death on January 13, 2014.   See ECF No. 70.

Respondent now Proffers the following regarding the amount of compensation to be awarded.[1]

### I.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

a total of $325,000.00 consisting of $75,000.00 for Mrs. Halverson's past pain and suffering and

$250,000.00 for the statutory death benefit.   This represents all elements of compensation to

which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).   Petitioner agrees.

---

[1]   The parties have no objection to the proffered award of damages.   However, respondent
reserves his right to seek review of the Special Master's decision pursuant to 42 U.S.C.
§ 300aa-12(e)(1).

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $325,000.00 in the form of a check payable to petitioner, as the legal administrator of the Estate of Susan Halverson.   See Petitioner's Exhibit 1 (Letters Testamentary).   If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the estate of Susan Halverson at the time such payment is made, any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of Mrs. Halverson's estate of upon submission of written documentation of such appointment to the Secretary.   Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

s/Lisa A. Watts
LISA A. WATTS
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Dated: June 4, 2020                    Tel.:   (202) 616-4099

2