# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-227V
Filed: May 25, 2021

| | |
|---|---|
| * * * * * * * * * * * * * | |
| BERNARD HALVERSON, | |
| *EXECUTOR of the ESTATE OF* | |
| SUSAN HALVERSON, deceased, | UNPUBLISHED |
| Petitioner, | |
| v. | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * | |

*Jerry A. Lindheim*, Locks Law Firm, Philadelphia, PA, for petitioner.
*Heather L. Pearlman*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 4, 2015, Bernard Halverson ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] as executor of the estate of his late wife, Susan Halverson ("Mrs. Halverson"). Petitioner alleged that Mrs. Halverson received a high-dose influenza vaccine on January 9, 2014, which caused cardiac arrest and her subsequent death on January 13, 2014. *See* Petition, ECF No. 1. An entitlement hearing was held on November 6 and 7, 2018, and on February 4, 2020, the undersigned issued her ruling on entitlement, finding that petitioner was entitled to compensation. On June 4, 2020, the parties filed a proffer, which the

---

[1] The undersigned intends to post this Decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

undersigned adopted as her decision awarding compensation on the same day. ECF No. 79.

On August 27, 2020, petitioner filed an application for final attorneys' fees and costs. ECF No. 85 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $209,048.43, representing $141,708.75 in attorneys' fees and $67,339.68 in costs.[3] Fees App. at 15-16. Pursuant to General Order No. 9, petitioner states he has not personally incurred any costs associated with the prosecution of her petition. Fees App. at 22. Respondent responded to the motion on September 11, 2020, stating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3, ECF No. 85. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

---

[3] Petitioner's fees motion originally requested attorneys' costs of $65,839.68. In response to an order filed by the undersigned on January 15, 2021, petitioner filed a supplement for his motion on January 26, 2021. This supplement requests amended attorneys' costs of $67,339.68 with counsel indicating that he had inadvertently left out some expert costs from the original calculation.

2

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner requests the following hourly rates for his attorneys: for Mr. Jerry Lindheim, $550.00 per hour for all work performed in this case (from 2014 to 2020); for Mr. Mark Weinstein, $325.00 per hour for all work performed in this case (from 2015 to 2016); and for Mr. Timothy Burke, $325.00 per hour for all work performed in this case (2018 and 2020). Fees App. at 1. Upon review, the undersigned finds that all of the requested hourly rates are excessive and require reduction for the following reasons.

Concerning Mr. Lindheim's hourly rate, the undersigned notes that the requested rate of $550.00 per hour is excessive on its face because it exceeds even the highest hourly rate prescribed by the OSM Fee Schedule for 2020, which is $484.00. The maximum rate in previous years is even lower than that. Thus, it would not be possible for even the most experienced and skilled Vaccine Program attorney to be awarded an hourly rate of $550.00 per hour. Mr. Lindheim has been licensed to practice law since 1988, and although he is an experienced and skillful lawyer, he has relatively little overall Vaccine Program experience (Mr. Lindheim has been undersigned counsel in nine overall cases, five of which are still pending as of the date of this decision). A reasonable hourly rate for Mr. Lindheim has also previously been determined, awarding him $382.50 per hour for his work in 2015-2017 based upon the factors set forth in *McCulloch*. *Vanderpoel v. Sec'y of Health & Human Servs.*, No. 15-899V, 2017 WL 2534327, at *2 (Fed. Cl. Spec. Mstr. May 16, 2017). Counsel did not appeal the decision that found this to be a reasonable hourly rate for his work.

The undersigned will therefore compensate Mr. Lindheim's work in this case from 2014-2017 at $382.50 per hour. For subsequent years, based on the *McCulloch* factors and the rate ranges

---

[4] The 2015-2020 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

prescribed by the OSM Fee Schedules, and based on Mr. Lindheim's overall excellent work in this case, the undersigned shall award the following hourly rates: $400.00 per hour for work performed in 2018, $425.00 per hour for work performed in 2019, and $445.00 per hour for work performed in 2020. Application of these rates results in a reduction of $34,413.50.

Turning next to Mr. Weinstein, the undersigned notes that reasonable hourly rates have also previously been established for him as well. *See Vanderpoel*, 2017 WL 2534327, at *2. The undersigned shall therefore compensate his work in this case at $187.50 per hour for 2015 and 2016, resulting in a reduction of $2,110.62.

Finally, the undersigned must establish a reasonable hourly rate for Mr. Burke. Mr. Burke has been licensed to practice law since 2015, giving him approximately three years of legal experience when he began work on this case in 2018. Mr. Burke is not undersigned counsel in any Vaccine Program case and has not previously assisted Mr. Lindheim in any completed Vaccine Program case, suggesting his overall program-specific experience is limited. Based upon the *McCulloch* factors and the OSM Fee Schedules, the undersigned finds the following hourly rates reasonable for Mr. Burke: $200.00 per hour for 2018 and $260.00 per hour for 2020. Application of these rates results in a reduction of $5,152.00.

**B.**     **Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

4

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. The only issue necessitating a reduction is that counsel have billed their full hourly rate for time spent traveling to and from the entitlement hearing. Fees App. at 9, 13. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); English v. Sec'y of Health & Human Servs., No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

In this case, the billing records do not indicate that case work was being performed while traveling. Mr. Burke's travel entries simply read "Travel to Hearing" and "Travel from Hearing" while Mr. Lindheim has one entry which reads "Prepare travel to Hearing" while the return travel is lumped into a billing entry including time spent at the entitlement hearing. The undersigned will therefore compensate this time at one-half of the previously established reasonable hourly rates for those attorneys in 2018, resulting in a reduction of $2,560.00.[5]

Accordingly, petitioner is awarded final attorneys' fees of $97,472.63.

**C.    Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $67,339.68. This amount is comprised of acquiring medical records, work performed by petitioner's various medical experts, costs associated with travel to the entitlement hearing in Washington, DC, and the cost of the transcript for the hearing. ECF No. 89 ("Supp."). Although petitioner has provided adequate documentation to support the majority of the amount requested, upon review, the undersigned finds the following reductions are necessary.

First, there are several costs for which petitioner has failed to provide documentation of. Petitioner requests $280.66 for UPS and postage but acknowledges that counsel was unable to locate the actual invoices for those costs, and that the UPS website does not permit looking up costs incurred more than one year ago. Supp. at 2. In an early bill of costs provided to petitioner, it identifies $119.84 of UPS costs incurred by counsel. Supp. Ex. 16 at 3. The undersigned will reimburse those costs but disallow the rest, resulting in a reduction of $160.82. Also problematic are the expense reports provided by counsel. The expense report of Mr. Burke in the amount of $750.64 was submitted as exhibit 15 of petitioner's supplement. However, the report is somewhat illegible and does not provide enough information or documentation for the undersigned to support most of the costs. Accordingly, only the costs for mileage can be reimbursed, resulting in a reduction of $328.36.

---

[5] As mentioned, Mr. Lindheim only provided one entry for 13.0 hours for attending the entitlement hearing and traveling home. Fees App. at 9. Based upon the fact that he billed 4.0 hours to travel to the hearing, the undersigned will assume that he also spent 4.0 hours on return travel.

The expense report for Mr. Lindheim, submitted as exhibit 16, is even more vague. Petitioner asserts Mr. Lindheim's total travel expenses equal $994.94, but that he cannot provide documentation for $183.58 of that amount. Supp. at 7. The remainder of the documentation provided is a credit card statement from Mr. Lindheim with three items (Enterprise Rent-A-Car in the amount of $96.82, Avra Restaurant New York in the amount of $423.94, and Champions 55 LLC in the amount of $60.00) plus a handwritten annotation by Mr. Lindhem noting mileage, tolls, and gas in the amount of $160.60. Simply put, there is not enough information provided to the undersigned to assess the reasonableness as it is unclear what these costs actually reflect. There is no information as to why Mr. Lindheim needed to rent a car for this case or what Champions 55 LLC even is or how much Mr. Lindheim incurred for mileage versus gas versus tolls, and a $423.94 restaurant bill would most likely be disallowed by the undersigned as excessive even with supporting documentation. Accordingly, none of Mr. Lindheim's expenses can be reimbursed, resulting in a reduction of $994.94.[6]

Second, two of petitioner's medical experts have charged a flat rate for attending the entitlement hearing. However, special masters have consistently ruled that experts should not be awarded flat rates, particularly for days spent in hearings that end before the close of business. *Bean-Sasser v. Sec'y of Health & Human Servs.*, No. 13-326V, 2017 WL 4385749, at *6 (Fed. Cl. Spec. Mstr. Sept. 8, 2017) (declining to award an expert a flat rate when the hearing in question ended at 3:00 p.m.); *Culligan v. Sec'y of Health & Human Servs.*, No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016); *Jeffries v. Sec'y of Health & Human Servs.*, No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006). In this case, Dr. Stark billed a flat rate of $7,800.00 for his hearing appearance while Dr. Patel billed a flat rate of $4,800.00. Per the transcript, both Drs. Stark and Patel only attended the first day of the entitlement hearing on November 6, 2018, which began at 9:30 A.M. and adjourned at 3:21 P.M. ECF No. 67. The undersigned will therefore credit each expert with six hours of work at the hourly rate at which they billed the rest of their casework at ($350.00 per hour for both of them). This results in a reduction of $8,400.00.[7] Petitioner is therefore awarded final attorneys' costs in the amount of $57,455.56.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**. The undersigned hereby awards **a lump sum of $154,928.19, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and Mr. Jerry Lindheim.**

---

[6] Section X of the Guidelines for Practice Under the National Vaccine Injury Compensation Program ("Guidelines") details the requirements for an award of attorneys' fees and costs. Counsel should take note of the requirements in order to streamline his future applications for attorneys' fees and costs in other cases. The Guidelines are available at: http://www.cofc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf.

[7] ($7,800.00 + $4,800.00 = $12,600.00) – (6 hours * $350.00 per hour * 2 experts = $4,200.00) = $8,400.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>s/Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).